CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALUCIOUS WILLIAMS, JR., ) | |
|    Plaintiff, ) | Civil Action No. 7:24-cv-00127 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| SGT. ALLEN, *et al.*, ) | Chief United States District Judge |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alucious Williams, Jr., a Virginia inmate acting *pro se*, filed this 42 U.S.C. § 1983 complaint alleging that his constitutional rights were violated when he was housed at Red Onion State Prison. (Compl., Dkt. No. 1.) Before the court is a motion for a preliminary injunction filed by Williams, requesting a transfer from his current institution, Wallens Ridge State Prison. (Dkt. No. 61.) This motion will be denied.

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

As the court detailed in an opinion and order that granted motions to dismiss filed by three defendants—Nurse Fletcher, Nurse Craft, and Nurse Practitioner J. Bledsoe—Williams' complaint alleges constitutional violations that occurred when he was housed at Red Onion.

(Dkt. No. 80.) For the reasons stated in that opinion, plaintiff is not entitled to injunctive relief against these defendants because he has failed to state a plausible claim for relief, and thus is not likely to succeed on the merits of his claims against them. Moreover, plaintiff's request for a transfer away from his current institution, Wallens Ridge, is a request for injunctive relief. *See, e.g.*, *Campbell v. Smith*, C.A. No. 0:08-3668-PMD-PJG, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). However, plaintiff's allegations in his complaint are related to his incarceration at Red Onion. Plaintiff is not entitled to injunctive relief that is unrelated to the claims in his lawsuit. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Based on the foregoing, it is HEREBY ORDERED that plaintiff motion for injunctive relief (Dkt. No. 61) is DENIED. The Clerk shall send a copy of this memorandum opinion and order to Williams and to all counsel of record.

Entered: September 2, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge